1    WO

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9    Frederick King, Jr.,                    No.  CV 14-1229-PHX-SMM (MHB)

10                   Petitioner,

11        vs.                                        O R D E R

12   Charles Ryan, et al.,

13                   Respondents.

14

15         On June 4, 2014, Petitioner Frederick King, Jr., who is confined in the Arizona

16   State Prison Complex-Lewis, filed a *pro se* "Motion for Stay of Habeas Proceedings" and

17   lodged a Proposed Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  On

18   June 24, 2014, the Court gave Petitioner 30 days to either pay the $5.00 filing fee or file a

19   complete Application to Proceed *In Forma Pauperis*.  That same day, the Clerk of Court

20   filed Petitioner's lodged Petition (Doc. 5).  On August 11, 2014, the Clerk of Court

21   dismissed this action without prejudice and entered judgment against Petitioner for

22   failure to comply with the Court's Order.  On October 6, 2014, Petitioner paid the $5.00

23   filing fee.  The Court will vacate the Judgment entered on August 11, 2014, and order the

24   Clerk of Court to reopen this action.  The Court will require an answer to the Petition.

25   **I.      Petition**

26         After a jury trial, Petitioner was convicted in Maricopa  County Superior Court,

27   case #CR 2002-098228, of first-degree felony murder, attempted armed robbery, and two

28   counts of attempted second-degree murder.  Petitioner was sentenced to multiple terms of

imprisonment, the longest of which is 25 years to life.  In his Petition, Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.  Petitioner raises four grounds for relief.  In Ground One, Petitioner asserts a claim of actual innocence because the evidence at trial showed that he was acting in self-defense.  In Ground Two, Petitioner claims that the prosecutor engaged in misconduct during the trial.  In Ground Three, Petitioner asserts a claim of ineffective assistance of trial counsel.  In Ground Four, Petitioner claims that the trial court abused its discretion when it denied Petitioner's motion for judgment of acquittal.

It is not clear whether Petitioner presented the issues raised in Ground One to any Arizona appellate court.  In the Petition, Petitioner asserts that he raised the issue of "actual innocence" in his second Rule 20 petition (Doc. 5 at 4), but then seems to indicate that this issue was not brought before the Arizona Court of Appeals (Doc. 5 at 6). However, even if the exhaustion requirement has not been met, it appears that any unexhausted claims may be procedurally barred.  In light of the possibility of procedural bar, a summary dismissal would be inappropriate.  *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred).  Thus, the Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

**II.    Warnings**

**A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.    Copies**

Because Petitioner is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Petitioner is not required to serve Respondents with a copy of every document he files or to submit an additional copy of every filing for use

TERMPSREF

by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  If Petitioner is transferred to a unit other than one subject to General Order 14-17, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

### C.   Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   The Judgment entered August 11, 2014 (Doc. 7) is **vacated**.  The Clerk of Court must **re-open** this case.

(2)   The Clerk of Court must serve a copy of the Petition (Doc. 5) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3)   Respondents must answer the Petition within 40 days of the date of service.  Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense.  *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).  If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4)   Petitioner may file a reply within 30 days from the date of service of the answer.

. . .

TERMPSREF

- 3 -

1        (5)    This matter is referred to Magistrate Judge Michelle H. Burns pursuant to

2    Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a

3    report and recommendation.

4        DATED this 14th day of November, 2014.

5

6

7

8

9                                      Stephen M. McNamee

10                           Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TERMPSREF**

- 4 -