**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick King, Jr., | No. CV-14-1229-PHX-SMM (MHB) |
| Petitioner, | |
| v. | **MEMORANDUM OF DECISION AND ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 5.) The matter was referred to Magistrate Judge Michelle H. Burns for a Report and Recommendation. (Doc. 10.) Magistrate Judge Burns has filed a Report and Recommendation with this Court. (Doc. 17.) Petitioner did not file an objection to the Report and Recommendation.

## STANDARD OF REVIEW

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo* review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is

a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

**DISCUSSION**

Having reviewed the Report and Recommendation of the Magistrate Judge, and no Objections having been made by any party, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.

The standard for this Court to issue a Certificate of Appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right ." 28 U.S.C. § 2253(c)(2); Rule 11(a) of the Rules Governing Section 2254 Cases. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

**CONCLUSION**

Accordingly, for the reasons set forth,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of the Magistrate Judge that Petitioner's habeas petition was untimely filed under the AEDPA's one-year statute of limitations, see 28 U.S.C. § 2244(d), and that Petitioner is not entitled to equitable tolling of the limitations period. (Doc. 17.)

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DENIED**, terminating this case. The Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because the dismissal was justified by a

1  plain procedural bar and jurists of reason would not find the procedural ruling debatable.

2  DATED this 14th day of December, 2015.

*[signature]*

Stephen M. McNamee
Senior United States District Judge